UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIAH THOMAS,

    Petitioner,          Case No. 2:20-CV-10217
                                    HON. GEORGE CARAM STEEH
    v.                          UNITED STATES DISTRICT JUDGE

SHAWN BREWER,

    Respondent.
_____/

**OPINION AND ORDER (1) GRANTING THE MOTION TO AMEND THE HABEAS PETITION, (2) DENYING THE MOTION TO STAY HABEAS PROCEEDINGS, (3) SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, (4) DENYING A CERTIFICATE OF APPEALABILITY AND (5) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

    Mariah Thomas, ("petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her conviction for two counts of first-degree felony murder, one count of first-degree arson, and one count of assault with intent to commit murder. Petitioner has also filed a motion to stay the proceedings, which is construed in part as a motion to amend the habeas petition. The Court GRANTS the motion to amend the petition. The Court DENIES the motion to stay the proceedings. The petition for a

writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

## I. FACTUAL BACKGROUND

Petitioner was convicted in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Thomas*, No. 335071, 2018 WL 5304897 (Mich. Ct. App. Oct. 25, 2018), *lv. den.* 503 Mich. 1003, 924 N.W.2d 581 (2019).

On January 22, 2020, petitioner filed a petition for a writ of habeas corpus with this Court, seeking habeas relief on the claims that she raised on her appeal of right.[1]

Petitioner has also filed a motion to stay the proceedings so that she can exhaust additional claims in the state courts.

## II. DISCUSSION

Petitioner filed a motion to stay the proceedings, so that she can return to the state courts to exhaust additional ineffective assistance of trial and appellate counsel claims by filing a post-conviction motion for relief from judgment.

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed her habeas petition on January 22, 2020, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

This Court construes petitioner's motion for stay as a motion to amend her habeas petition to add these additional ineffective assistance of trial and appellate counsel claims. *See Murphy v. Elo,* 250 F. App'x 703, 704 (6th Cir. 2007); *Gates v. Parish*, No. 1:19-CV-265, 2019 WL 2183069, at *2 (W.D. Mich. May 21, 2019). Petitioner's proposed amended habeas petition should be granted because it advances new claims that may have arguable merit. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). The Court therefore considers the issues that petitioner intends to raise in the state court in her post-conviction motion as being part of the original petition. *Gates*, 2019 WL 2183069, at *2.

However, the instant petition is now subject to dismissal because petitioner's new claims have not yet been exhausted with the state courts.

A state prisoner who seeks federal habeas relief is first required to exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts must dismiss mixed habeas petitions which include both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she

has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner admits that her new claims have yet to be exhausted with the state courts. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner is required to appeal the denial of her post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that she would raise in her post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his or her unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 544 U.S. 269 (2005), a stay of petitioner's application for a writ of habeas corpus would be inappropriate

here, because there are no exceptional or unusual circumstances present that justify holding the petition for a writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust her new claims, rather than dismissing it without prejudice. The Michigan Supreme Court denied petitioner's application for leave to appeal on April 2, 2019. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions did not begin to run on that day. Where a state prisoner has sought direct review of his or her conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) starts running not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period to seek certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner did not seek a writ of certiorari with the United States Supreme Court, thus, her judgment became final, for the purpose of commencing the running of the one year limitations period, on July 1, 2019. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this Court on January 22, 2020, after only a little over six months had run on the statute of limitations.

This Court is dismissing the petition without delay so that petitioner can return to the state courts to exhaust her claims. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has almost six months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if her habeas petition was dismissed without prejudice during the pendency of her motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). Accordingly, the Court denies the motion to stay the proceedings.

### III. CONCLUSION

The petition for a writ of habeas corpus is dismissed without prejudice. The Court denies a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition

should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; s*ee also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct

in its procedural ruling that petitioner's new claims are unexhausted. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV.  ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The motion to stay the proceedings is **DENIED.**

(2) The petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

(3) Petitioner is **DENIED** a Certificate of Appealability or Leave to Appeal *In Forma Pauperis.*

Dated:  February 6, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 6, 2020, by electronic and/or ordinary mail and also on Mariah Thomas #879444, Huron Valley Complex - Camp Valley, 3413 Bemis Rd., Ypsilanti, MI 48197.

s/Barb Radke
Deputy Clerk